Contracts; finality of administrative decision on amount of recovery; scope of judicial review; Government cownter-claim. — On January 10, 1975 the court issued the following order:
Before cowen, Chief Judge, davis and bennett, Judges.
“This case comes before the court on the plaintiff’s motion to dismiss the defendant’s counterclaim and also to dismiss the defendant’s ‘appeal’ from the decision of the ASBCA on the matter of quantum. The court has considered the briefs filed by the parties and the oral argument.
“1. On the matter of quantum, the court is clearly of the view that defendant has no right, under S&E Contractors, Inc. v. United States, 406 U.S. 1 (1972), Roscoe-Ajax Constr. Co. v. United States, 204 Ct. Cl. 726, 499 F. 2d 639 (1974), and Northland Camps, Inc. v. United States, 204 Ct. Cl. 761, 499 F. 2d 658 (1974), to dispute or challenge the Board’s determinations as to quantum. First, that part of the Board’s determination was not gratuitous or inappropriate. On the contrary, the Board was fully justified, ‘[i]n view of the voluminous record on the increased cost of performance and the full briefing of cost matters by the parties,’ in making findings on quantum even though it had found against plaintiff on the issue of the defendant’s liability. That course could save the need for a remand and a further Board hearing if this court should come to a different conclusion on liability, and was entirely appropriate in the circumstances. Second, the issue of quantum (or amount of recovery) has long been regarded both by this court and by the Board as separable and separate from the question of liability, and the plaintiff’s challenge to the Board’s findings and decision on liability does not relate to the same ‘dispute’ as the Government attempts to raise with respect to quantum. Third, the plaintiff has not challenged the Board’s findings and determination on quantum but accepts them completely, thus presenting no dispute to the court with respect to that subject. Accord *822 ingly, the ‘appeal’ is not maintainable and must be dismissed.[1]
“2. With respect to the defendant’s counterclaim challenging Part Y of the Board’s decision, the court is unwilling to determine at this stage, without deeper inquiry into the scope and reach of plaintiff’s own claim which relates to the same delay, whether that counterclaim is maintainable under the tests laid down in S & E Contractors, Roscoe-Ajax, and Northland Camps. The trial judge will have to consider the scope, reach and merits of plaintiff’s claim in giving Wunderlich Act review to the case. In that connection he will be in a better position to determine, in the first instance, whether the counterclaim is maintainable because of its relationship to the claim or whether it raises a different ‘dispute.’ It may also turn out that, in according Wunderlich Act review to the case, the trial judge will find it easier to decide the merits of the counterclaim against the defendant than to determine whether it is maintainable at all. See Roscoe-Ajax Constr. Co., 204 Ct. Cl. 726, 747, 499 F. 2d 639, 660, n. 17 (1974). We shall therefore deny this part of plaintiff’s motion without prejudice to its reasserting the point at a later stage of the case. It goes without saying that, in making this disposition, the court takes no position, and intimates no view, either on the merits of the counterclaim or as to whether it is maintainable.
“it is therefore ordered that plaintiff’s motion to dismiss the defendant’s ‘appeal’ from the decision of the ASBCA on the matter of quantum is granted, and the relevant portion of paragraph 23 of defendant’s answer to the first amended petition (filed January 18, 1974) is stricken; and “it is further ordered that plaintiff’s motion to dismiss the counterclaim is denied without prejudice; and
“it is further ordered that the case is returned to the trial division for further proceedings.”

 It should be noted, however, that even after dismissal of an “appeal” by the Government on the issue of quantum, the court would not in certain circumstances be irrevocably bound to the Board’s findings on quantum. Were the court, for instance, to reverse the Board on the issue of liability, but do so only in part, or do so on a different theory of liability (with different implications for quantum), the court would take those steps necessary to conform plaintiff’s relief to the injury.